**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAAED MOSLEM,<br><br>      Petitioner,<br><br>    v.<br><br>WARDEN, F.C.I. FORT DIX,<br><br>      Respondent. | Civil Action No. 23-6112 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

  This matter comes before the Court on the Court's *sua sponte* screening of Petitioner Saaed Moslem's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice for lack of habeas jurisdiction.

**I.  BACKGROUND**

  Petitioner is a convicted federal prisoner currently confined in FCI Fort Dix. (*See* ECF No. 1 at 1.) In his current petition, he seeks to challenge the BOP's determination of his security risk and his resulting prison placement and prisoner classification level. (*Id.* at 2-6.) Essentially, Petitioner contends that the BOP misclassified him by considering him to have threatened his

sentencing judge, a claim that the Petitioner asserts the United States Marshals investigated without filing charges. (*Id.* at 6.) As a result of this alleged improper classification score, Petitioner's ability to transfer to less onerous prisons has been thwarted. (*Id.*) Petitioner now seeks to have his classification score lowered such that he can be transferred to a new prison. (*Id.* at 7.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   DISCUSSION

In this matter, Petitioner seeks to challenge his prison security classification level, arguing that he should be entitled to a lower classification level and a prion transfer. Habeas jurisdiction under § 2241, however, generally exists only to permit challenges to the fact or duration of an individual's confinement, or challenges to the execution of the terms of a prison sentence. *See, e.g., Butler v. Ortiz*, No. 20-10421, 2022 WL 320672 at *1 (D.N.J. Feb. 2, 2022). Challenges to even erroneous security factor decisions and resulting custody classification levels are not

2

cognizable under the statute because they do not go to the fact or duration of confinement, nor do they challenge an aspect of the execution of an imposed sentence. *Id.*; *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (claims asserting improper security factors and resulting higher security classification levels "are not cognizable in a § 2241 petition because [they do] not challenge the basic fact or duration of . . . imprisonment" or the execution of a sentence). As Petitioner's claims in this matter seek only to challenge his security factors and resulting prison classification, his challenges are not cognizable in this habeas matter, and his petition must be dismissed for lack of habeas jurisdiction as a result. *Briley*, 703 F. App'x at 71.

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of habeas jurisdiction. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge