UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAAED MOSLEM,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN, F.C.I. FORT DIX,<br><br>　　　　　　Respondent. | Civil Action No. 23-6112 (KMW)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the motion for reconsideration (ECF No. 6) filed by Petitioner pursuant to Federal Rule of Civil Procedure 59(e) challenging the dismissal of his habeas petition for want of habeas jurisdiction. The scope of a motion for reconsideration of a final judgment brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

In his motion for reconsideration, Petitioner submits that the Court should undo the dismissal of his habeas petition and reconsider his challenge to his BOP classification level

because he believes he would have been released into home confinement already had he been "properly" classified, a point essentially argued in the original petition. Petitioner provides no other legal basis for reconsideration, nor does he point to any mistake of law or facts in this Court's dismissal of his petition. Petitioner's belief that he may have been released had he had a lower classification level, however, is immaterial. As this Court explained to Petitioner in dismissing his petition,

> In this matter, Petitioner seeks challenge his prison security classification level, arguing that he should be entitled to a lower classification level and a prion transfer. Habeas jurisdiction under § 2241, however, generally exists only to permit challenges to the fact or duration of an individual's confinement, or challenges to the execution of the terms of a prison sentence. *See, e.g., Butler v. Ortiz*, No. 20-10421, 2022 WL 320672 at *1 (D.N.J. Feb. 2, 2022). Challenges to even erroneous security factor decisions and resulting custody classification levels are not cognizable under the statute as they do not go to the fact or duration of confinement, nor do they challenge an aspect of the execution of an imposed sentence. *Id.*; *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (claims asserting improper security factors and resulting higher security classification levels "are not cognizable in a § 2241 petition because [they do] not challenge the basic fact or duration of . . . imprisonment" or the execution of a sentence). As Petitioner's claims in this matter seek only to challenge his security factors and resulting prison classification, his challenges are not cognizable in this habeas matter, and his petition must be dismissed for lack of habeas jurisdiction as a result. *Briley*, 703 F. App'x at 71.

(ECF No. 4 at 2-3.) As explained, this Court lacks habeas jurisdiction to consider Petitioner's challenge to his safety factors or classification level, and the dismissal of his petition was therefore entirely proper. Petitioner has therefore failed to show any valid basis for reconsideration, and his motion (ECF No. 6) is denied.

**IT IS THEREFORE** on this  29th  day of September, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; and it is further

3

**ORDERED** that Petitioner's reconsideration motion (ECF No. 6) is **DENIED**; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge